# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cr-229-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) **ORDER** |
| NEHEMIJEL MAURICE HOUSTON, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 973). The Government has responded in opposition to the motion.

## I. BACKGROUND

On February 26, 2018, this Court sentenced Defendant, a former United Blood Nation gang member, to 240 months' imprisonment following his guilty plea to his role in a RICO conspiracy that involved the murders of Douglas and Deborah London. (Doc. No. 815). Defendant is currently incarcerated at FCI Bennettsville with a projected release date of June 16, 2032. On December 2, 2021, Defendant filed the pending motion for compassionate release asserting various arguments, none of which related to his health or the COVID-19 pandemic.

## II. DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy

-1-

statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The compassionate-release statute "authorize[s] courts to make their own independent assessments of 'extraordinary and compelling reasons,'" the existence of which is a prerequisite to relief. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020). But Congress did not intend for the statute to make sentence reductions "widely available." See id. at 287. The statute, instead, requires courts to "limit those reductions to truly extraordinary and compelling cases." Id. The burden rests with the defendant to meet what the Fourth Circuit calls the statute's "exceptionally high standard for relief": "[O]nly those defendants who can meet the heightened standard of 'extraordinary and compelling reasons,' may obtain relief." Id. at 287–88; accord United States v. Lowman, No. 5:09CR00049-KDB-DCK-1, 2020 WL 3472923, at *2 (W.D.N.C. June 25, 2020).

Although the policy statement that appears in section 1B1.13 of the Sentencing Guidelines Manual no longer qualifies as an "applicable policy statement" under the statute, 18 U.S.C. § 3582(c)(1)(A)(2), it provides "helpful guidance" when "motions are filed by defendants." McCoy, 981 F.3d at 280–82 & n.7. That section and its commentary describe the "circumstances" under which "extraordinary and compelling reasons exist." U.S.S.G. § 1B1.13 & comment. (n.1). First, the defendant must not be "a danger to the safety of any other person or to the community." Id. Second, one of four specific circumstances must exist involving, for example, the medical condition of the defendant, his age, his family circumstances, or reasons "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, comment. (n.1). One of these circumstances requires that the defendant suffer from "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)(I)).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Defendant offers various reasons for compassionate release, none of which relate to his health or any extraordinary and compelling reasons found in the Application Notes to U.S.S.G. § 1B1.13. None of these arguments succeed in demonstrating an extraordinary and compelling reason for release.

Defendant's first argument—that that he was 19 when he was committing violent racketeering activities and that he is now 26 years old—is not an extraordinary and compelling reason for release. Defendant also states that he has "acknowledge[d] and accept[ed] the error of his ways." (Doc. No. 973 at 2). The Court appreciates that Defendant is making efforts at rehabilitation. Congress has made clear, however, that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

In his motion, Defendant also offers certificates obtained while at the Bureau of Prisons for commercial truck driving, some craftsman courses, two drug abuse courses (totaling 14 hours), three exercise and health classes, and an eight-hour course called "Transitioning Back into Society." (Doc. No. 973-1 at 4–14). Defendant's completion of training and education while imprisoned, while laudable, is also not an extraordinary and compelling reason for release.

Defendant also asserts that he "feels as though a Brady violation occurred at his sentencing." (Doc. No. 973 at 2). Defendant fails to identify, however, what that Brady violation allegedly was or how it affected his rights.

-3-

Case 3:14-cr-00229-MOC-DCK    Document 978    Filed 01/24/22    Page 3 of 5

Finally, Defendant claims that the cross-reference to the first-degree murder guideline was imposed in error at sentencing. (Id.). Defendant agreed to this cross-reference in his Plea Agreement and did not object to it during sentencing. (Doc. No. 383 at 2; Doc. No. 458 at 15, 24–25). This argument is both meritless and untimely. In any event, this does not constitute an extraordinary and compelling reason for release.

Even if Defendant could show an extraordinary and compelling reason to grant compassionate release, this Court must determine whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the Section 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed" "to reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2). Courts should also consider "the kinds of sentences available," id. § 3553(a)(3), and "the need to avoid unwarranted sentence disparities," id. § 3553(a)(6).

The Section 3553(a) factors continue to demand Defendant's incarceration. Defendant's crime of conviction was extremely serious. He was a member of the United Blood Nation, a violent, nationwide street gang. (Doc. No. 458 at 5–8). Defendant discharged a rifle during a retaliatory, gang-related, drive-by shooting in 2014. (Id. at 8). He participated in meetings and phone calls during which the gang discussed and planned the murders of Douglas and Deborah

-4-

London in retaliation for Douglas's status as a witness and victim of a robbery of his store. (Id. at 10–12).

On the night of the Londons' murders, the shooter first went to Defendant's home to collect the gun he intended to use to kill the Londons. (Id. at 13). The shooter then returned to Defendant's home after the murders so they could brag and celebrate the killings. (Id.). Considering the violent and senseless nature of his crime, Defendant is not entitled to early release or a reduction of his sentence.

Having thus considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 973), is **DENIED**.

Signed: January 24, 2022

Max O. Cogburn Jr
United States District Judge